JOHN W. FOOKS, D B. A. *vs.* DANIEL L. LAWSON, P. B. R.

Sussex County, April Term, 1893.

**Arbitration and Award.**—Where a verbal agreement to submit matters in contro-
versy to the decision of arbitrators is made, the burden is upon the plaintiff, who
seeks to recover the amount of the award, to prove to the satisfaction of the
jury.   1st. That there was a mutual and concurrent agreement between the
parties to submit their differences to the determination of the arbitrators se-
lected.   2d. That they mutually and concurrently agreed to abide by the
award.   3d. That the arbitrators were selected and appointed in accordance
with the agreement.   4th. That the arbitrators actually made the alleged award
for the amount therein specified, pursuant to and in conformity with such agree-
ment of submission.

**Same.**—If the arbitrators fail to consider every matter of controversy submitted to
them by the agreement of arbitration, their award is void.   In the absence of

proof of such omission, it will be presumed that all the matters submitted were considered and passed upon.

**Same.**—If one of the parties revoke his agreement to submit the matter in controversy to the arbitrators before their award is made, their finding is void.

**Same. Evidence.**—Arbitrators cannot testify as to the reasons for their decision.

This was an appeal from a judgment rendered by a Justice of the Peace in a suit upon an award made by arbitrators, acting in accordance with a verbal agreement made between the parties. The award was in the following words: " We, the undersigned, find Dr. Fooks indebted to Daniel L. Lawson in the sum of $102.54," signed B. C. Prettyman, J. M. Godwin, H. L. Barker. There were some pencil marks on the paper upon which the award was written, showing calculations that the arbitrators had made which showed certain allowances to Fooks and certain allowances to Lawson, but not giving the items for which the allowances were made. The difference in the allowances was $102.54, the amount of the award. The facts are sufficiently stated in the charge of the Court.

GRUBB, J., (charging the jury).

This is an action of assumpsit brought by Daniel L. Lawson, the plaintiff, to recover from John W. Fooks, the defendant, the sum of $102.54, allowed the said Lawson by an award alleged to have been made by arbitrators, in accordance with an alleged agreement by said Lawson and Fooks to submit certain matters in controversy between them, to said arbitrators and to abide by their determination and award concerning the same.

It appears from the evidence that some time in the fall of 1890 Dr. Fooks had employed Lawson to make charcoal for him at a stipulated compensation, and that Lawson had proceeded to make certain quantities of the charcoal; but that a difference and controversy had arisen between them in regard to a final settlement

of their respective claims against each other, growing out of the charcoal transaction.

Thereupon as is alleged by the plaintiff, Lawson, he and Fooks mutually and concurrently agreed to submit all matters is dispute between them to three arbitrators and to abide by their decision and award, in respect to the matters submitted to them.

It is further alleged by the plaintiff that the arbitrators duly met in the presence of both parties and after hearing the allegations and proofs presented by each side and after considering each of the subjects and matters in controversy agreed to be submitted to them, rendered their decision thereupon and made their award of $102.54 in favor of Lawson, the plaintiff, which the defendant, Dr. Fooks, refused to pay, and thereupon suit was brought for that amount before a Justice of the Peace, and, from the judgment rendered by him, an appeal was taken which has brought the case now before you and this Court to be tried anew.

In trying this case you must remember that you are not to inquire and determine whether or not Lawson made the charcoal in accordance with and in due performance of his contract with Dr. Fooks, nor whether or not Dr. Fooks had any claim for damages against Lawson by reason of his insufficient or improper performance of said contract; nor are you to inquire and determine whether the arbitrators awarded too much or too little to Lawson nor whether they should have made another award in favor of Fooks instead of Lawson.

In the present suit you are not to decide any of those questions, but only whether, in fact, an award for the sum specified therein was actually made by the arbitrators, after hearing the allegations and proofs of both parties then present before them, and also made in accordance with and in comformity to the agreement (if you find there was such an agreement) to submit their matters in controversy to the arbitrators and abide by their decision and award.

Where parties agree at common law, as in this case (and not under a rule of Court), to refer and submit any matter in controversy to arbitrators for decision and to abide by their award, they

may do so by an agreement in writing either under seal or not under seal, or merely verbal and without any written evidence of their agreement, just as they may choose to do. But where such agreement to submit to arbitrators is a verbal one, as in this case, the duty and burden is upon the plaintiff in the suit brought to recover the amount of the award, to show to the satisfaction of the jury, among other things, first, that there was a mutual and concurrent agreement between him and the defendant to submit the particular subjects and matters in controversy between them to the consideration and determination of the arbitrators selected pursuant to the agreement; second, that they both mutually and concurrently agreed to abide by the award made pursuant to such agreement; third, that each of the arbitrators was selected and appointed in accordance with said agreement; (for example in this case, that Lawson selected Prettyman, that Fooks selected Godwin and that Godwin and Prettyman, in their turn, selected Barker, the third of the arbitrators); fourth, that the arbitrators actually made the alleged award, and for the amount therein specified, pursuant to and in conformity with such agreement of submission.

In the present instance the defendant, Fooks, alleges among other things as a defence to this suit, that he has refused to comply with and pay the award claimed by Lawson, because, first, there is no satisfactory proof before you that he (Fooks) and also Lawson, mutually and concurrently agreed to abide by the award which the arbitrators should make in accordance with the agreement of submission ; second, because his (Fooks) claim for damages was one of the subjects in dispute submitted for the determination of the arbitrators, and yet it was entirely omitted from the consideration of the arbitrators, and was not passed upon by them when they determined and made their award in favor of Lawson and ascertained the amount allowed him therein. That is the allegation and contention of Dr. Fooks, the defendant.

In reference to the first ground of defence, that there is no satisfactory proof that both Fooks and Lawson mutually and concurrently agreed to abide by the award, we must remind you that

unless such agreement is shown by the evidence before you, to your satisfaction, then the plaintiff, Lawson, cannot recover in this suit. The evidence is all before you, and from it you must determine that essential fact in this case. No special form of words is necessary in the proof of such an agreement when it was verbal only, nor is it absolutely necessary that such agreement should be proved by express language of the parties to it uttered at the very time of making it; for such a mutual and concurrent agreement to abide by the award may be shown by subsequent admissions of the respective parties, appearing by either their language or conduct or other circumstances from which the admission of such agreement may be fairly and reasonably inferred. It is for you to say whether or not the declarations and other circumstances in evidence before you have led to your drawing such an inference and satisfied you that such an agreement was made by both Lawson and Fooks. If you are so satisfied that such agreement to abide by the arbitrators' award was mutually and concurrently made by both the parties to this suit, then you are further to consider and determine whether or not Fooks' claim for the damages referred to before you against Lawson was omitted by the arbitrators from their consideration of the subjects referred to them and was not passed upon by them in determining and making their award. Because, where certain subjects of controversy—certain matters in dispute—between two contesting parties, are referred to arbitrators to decide between them and to determine the award that is to be made, it is necessary for the arbitrators to consider each of those subjects referred to them by the agreement of submission upon the law and evidence as it is presented to the minds of the arbitrators; and if it is shown that any one subject referred to these arbitrators by both these parties was not considered by them and not passed upon by them either for or against the claim made, then this award would be void and this plaintiff could not recover upon it. For instance, this claim for damages (if you believe a claim for damages was submitted to those arbitrators under this alleged agreement for arbitration; and you believe upon all the evidence before you that the arbitrators

did not consider that, and did not determine either to admit it in the case or to reject it and exclude it from the award, that is, if they did not determine either to allow or disallow the claim for damages, one way or the other) would be void, because they are bound to consider every subject matter of the controversy which was submitted to them by the agreement of arbitration.

But in considering the evidence upon this subject, it is proper for us to say to you further, that, as a general rule, the courts are very liberal in the construction of awards. All reasonable presumptions will be made in their favor; no unreasonable intendment will be made to overturn them, but every reasonable intendment will be made to uphold them, and therefore where it is claimed that the arbitrators have omitted, failed, neglected, or refused to consider any matter submitted to them in the agreement of arbitration, such omission, etc., must appear upon the face of the award or by other evidence. And in the absence of proof of such omission, etc., it will be presumed that all the matters submitted were considered and passed upon ; so that when an award is made and it is before you (if you are satisfied that it was made) you are to presume that the arbitrators did their duty for which they were selected and that they considered every matter submitted to them by the agreement for arbitration, unless it appears on the face of the award itself, or by other evidence, that they left some submitted matter out and omitted to consider and pass upon that particular subject. The burden is upon the defendant who assails the award on that ground to show that such omission (for instance, of damages as in this case) either appears on the face of the award or that it appears from other evidence in the case furnished either on the part of the plaintiff or defendant. And unless it is so shown, it is presumed from the award itself that they did consider every matter submitted ; because all reasonable presumptions will be made in its favor.

But another ground of defence to this suit has been urged in behalf of Dr. Fooks. It is that he revoked his agreement to submit his controversy with Lawson to the said arbitrators, and, con-

sequently their authority to render a valid and binding award, before their alleged award was made. If you should find such to be the case (that is, that he revoked his agreement to submit, and the authority of the arbitrators to make the award) after a careful consideration of all the evidence before you, then, the arbitrators' award would be invalid and Lawson could not recover against Fooks in this action. The law permits either of the parties to a submission to arbitration to revoke, without the consent of the other, the agreement of such submission before the award authorized thereby has been made. But a jury should be clearly convinced by competent and satisfactory evidence that there has been a plain, positive and absolute revocation by one of the parties before they can find the contested award unauthorized and invalid.

With this general statement of the leading questions before you and with these instructions as to the law applicable to this suit, we leave the matter for your consideration and determination.

*Verdict for plaintiff for $116.21.*

*Boyce* and *Cullen*, for appellant.

*White* and *Richards*, for respondent.